UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARCUS JOSEPH WILLIAMSON #002657104/583936**

**CASE NO. 6:23-CV-01452 SEC P**

**VERSUS**

**JUDGE TERRY A. DOUGHTY**

**WARDEN**

**MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and a Motion to Dismiss (ECF No. 8) filed by pro se Petitioner Marcus Joseph Williamson ("Williamson"). Williamson is detained at Lafayette Parish Correctional Center. He seeks the dismissal of his pending criminal charges and release from custody.

Because Williamson has not satisfied the exhaustion requirement, the Petition (ECF No. 1) and Motion / Amended Petition (ECF No. 8) should be DISMISSED WITHOUT PREJUDICE.

**I. Background**

Williamson alleges that his detention is illegal. He claims that orders issued by the state judge in his pending criminal case are "frivolous," and he has been "kidnapped." ECF No. 4 at 1-2.

Williamson further alleges that he is being mistreated; that an officer called him a "rat"; officers are "slandering" his name; and he had no running water for four days. ECF No. 4 at 6-7.

In his Motion to Dismiss, Williamson raises a violation of the Speedy Trial Act of 1974. ECF No. 8. Therefore, it should be construed as an Amended Petition.

## II.     Law and Analysis

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id*.

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee proceed in federal court under § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Accordingly, Scarborough must file a state habeas petition in the Fifteenth Judicial District Court raising his speedy trial and illegal detention claims. If denied, he must seek discretionary review in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court prior to seeking relief in federal court. *See Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir. 1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007).

To the extent Williamson wishes to raise civil rights claims for the conditions of his confinement and recover money damages, he must file a separate suit under 42 U.S.C. § 1983 after exhausting administrative remedies. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).

### III.   Conclusion

Because Williamson has not exhausted his habeas claims in state court and cannot pursue civil rights claims for damages in a habeas petition, IT IS RECOMMENDED that the Petition (ECF No. 4) and speedy trial Motion / Amended Petition (ECF No. 8) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, June 13, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE